PER CURIAM.
Appellant instituted an action to recover damages for an injury he sustained when he was assaulted on school premises. His appeal challenges the trial court’s ruling that his action was precluded by his failure to present written notice of claim to the Department of Insurance, even though he served timely notice upon the School Board and upon Dade County. He contends that he satisfied the requirements of section 768.28(6), Florida Statutes (1977).
According to section 768.28(6), Florida Statutes (1977):
An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within three years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not *809 apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.
In our opinion, the failure to serve notice of claim upon the Department of Insurance should not preclude appellant from maintaining this action. By serving timely notice upon the real parties in interest, appellant complied with statutory requirements. The Department of Insurance has neither a financial interest nor an investigative concern in the proceedings and can show no prejudice from the lack of notice. Its sole function in this instance is to report the number of claims. The affidavit of the Administrator of General Liability Insurance, Michael Rinehart, establishes the mere formality of the required notice:
5. The Department of Insurance has no financial interest in any claim made against a school board for any political subdivision of the State of Florida, including each and all of the counties constituting and comprising the State of Florida.
6. The Department of Insurance has no investigative or substantive interest in any claim made against any county school board within the State of Florida; the Department of Insurance does not participate in any investigation of a claim or the disposition thereof; that is to say the Department of Insurance does not participate in the investigation of any claim made against any county school board and does not participate in any decision with respect to paying or not paying any such claim. Nor does the Department of Insurance participate in the payment of any claim made against any county school board by way of contribution to the funding of such payment.
7. The Department of Insurance has no financial interest in any civil action brought against any county school board. Nor does it participate in such litigation, substantively or procedurally. The insurance department does not participate in any decision to settle or not settle such civil actions.
8. The only interest the Department of Insurance has in any claims made against any political subdivision of the State of Florida, including each of the counties or their school boards is as follows: the Department of Insurance reports annually to the State Legislature the number of claims made or filed against political subdivisions of the State of Florida, including county school boards. This reporting requirement simply reflects the number of claims made; it does not include further information as to the amount of claim, the disposition of the claim, if any, whether the claim results in civil litigation and, if so, the disposition thereof.
We are of the opinion that appellant has complied with statutory prerequisites to the waiver of sovereign immunity. We are unable to reverse the trial court’s dismissal, however, because the supreme court, in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1023-24 (Fla.1979), ruled that notice to the Department of Insurance must be alleged in the complaint. In Commercial Carrier, the court remanded for amendment; that procedure would afford no relief here because the Department of Insurance did not receive timely notice.
We therefore certify to the Supreme Court of Florida as a question of great public importance, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2XA)(v), the following question:
May a plaintiff maintain an action to recover damages from a state agency or subdivision, pursuant to section 768.28(6), Florida Statutes (1977), if he notified the appropriate agency but failed to present a written notice of claim to the Department of Insurance, which has no interest or role in the proceedings other than to report claims to the legislature, and no prejudice resulted?
Affirmed and question certified.