442 So.2d 210 (1983)
Robert LEVINE, Petitioner,
v.
DADE COUNTY SCHOOL BOARD, Respondent.
No. 62804.
Supreme Court of Florida.
December 8, 1983.
*211 Arthur W. Tifford, Miami, for petitioner.
Donna S. Catoe of Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs, Miami, for respondent.
Jim Smith, Atty. Gen. and Joseph A. Linnehan, Asst. Atty. Gen., Tallahassee, for State of Fla., amicus curiae.
Robert A. Ginsburg, Dade County Atty. and James A. Jurkowski, Asst. County Atty., Miami, for Metropolitan Dade County, amicus curiae.
BOYD, Justice.
This cause is before the Court on petition for review of the decision of the district court of appeal in Levine v. Dade County School Board, 419 So.2d 808 (Fla.3d DCA 1982). The district court certified that the dispositive issue it passed upon is one of great public importance. Therefore, we have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Robert Levine brought an action against the Dade County School Board alleging that on March 27, 1977, when he was a public high school student, he was the victim of a severe beating at the hands of other students during school hours and on school grounds. The complaint alleged that the incident was caused by the negligent failure of school district employees to maintain order and supervise the activities of students. The complaint alleged severe personal injuries.
Prior to filing his lawsuit, Levine provided written notice of his claim to the school board. However, he did not notify the State Department of Insurance within three years of the accrual of the cause of action as is required by section 768.28(6), Florida Statutes (1977). Section 768.28 is the statutory waiver of sovereign immunity for the state, its agencies, and its subdivisions. On motion of the school district, the trial court dismissed the complaint for failure to allege notice to the Department of Insurance.
Having failed to give the required notice within three years of the incident, Levine was unable to amend his complaint to allege that the notice had been timely given. Instead he filed an amended complaint which made clear that such notice had not been given, but he attached the affidavit of an official of the Department of Insurance to the effect that the department had no financial interest in the outcome of the suit and no role or function in the defense of claims against school districts. According to the affidavit, the department's role in cases such as this is limited to gathering information and keeping records about such claims and reporting the information to the legislature from time to time. The trial court dismissed the complaint with prejudice.
On appeal the district court found merit in Levine's argument that the notice provisions should not be deemed a strict condition precedent to filing suit, but affirmed the trial court's ruling on the authority of Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), where this Court held that the notice requirements of section 768.28(6) are conditions *212 precedent to maintaining a suit. The district court certified the following question:
May a plaintiff maintain an action to recover damages from a state agency or subdivision, pursuant to section 768.28(6), Florida Statutes (1977), if he notified the appropriate agency but failed to present a written notice of claim to the Department of Insurance, which has no interest or role in the proceedings other than to report claims to the legislature, and no prejudice resulted?
419 So.2d at 809. We are compelled to answer the question in the negative and approve the decision of the district court of appeal.
Section 768.28(6) reads as follows:
(6) An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.
There is some support in this statute for the suggestion that the notice requirement in question should only apply to cases in which the Department of Insurance has some official role or interest. For example, the statute makes reference to "the Department of Insurance or the appropriate agency" denying the claim and making "final disposition of a claim." It can be inferred that the statute contemplates some role for the department in responding to claims against the state. One can speculate that the department may have such a role in lawsuits against departments and agencies of the executive branch of state government. The provision in section 768.28(6) excepting suits against municipalities from the requirement of notice to the Department of Insurance, together with the affidavit negating any role or function for the department in suits against school districts, gives rise to further speculation that the failure to also except county school districts from the statutory notice requirement was inadvertent.[*]
Such speculation, however, does not authorize us to ignore the plain language of the statute. Section 768.28(6) clearly requires written notice to the department within three years of the accrual of the claim before suit may be filed against any state agency or subdivision except a municipality. Because this subsection is part of the statutory waiver of sovereign immunity, it must be strictly construed. Manatee County v. Town of Longboat Key, 365 So.2d 143 (Fla. 1978); Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958). In the face of such a clear legislative requirement, it would be inappropriate for this Court to give relief to the petitioner based on his or our own beliefs about the intended function of the Department of Insurance in the defense of suits against school districts. Our views about the wisdom or propriety of the notice requirement are irrelevant because the requirement is so clearly set forth in the statute. Richman v. Shevin, 354 So.2d 1200 (Fla. 1977), cert. denied, 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978); Stern *213 v. Miller, 348 So.2d 303 (Fla. 1977). Consideration of the efficacy of or need for the notice requirement is a matter wholly within the legislative domain.
Under section 768.28(6), not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice. Dukanauskas v. Metropolitan Dade County, 378 So.2d 74 (Fla.3d DCA 1979). Therefore the district court's affirmance of the order of dismissal was correct.
The decision of the district court of appeal is approved. We answer the question in the negative.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] See also § 768.28(3), Fla. Stat. (1977), which provides:

(3) Except for a municipality, the affected agency or subdivision may, at its discretion, request the assistance of the Department of Insurance in the consideration, adjustment, and settlement of any claim under this act.
See also § 768.28(7), which provides:
(7) In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality, upon the Department of Insurance, and the department or the agency concerned shall have 30 days within which to plead thereto.