515 So.2d 1377 (1987)
Daniel MENENDEZ, etc., et al., Appellants,
v.
NORTH BROWARD HOSPITAL DISTRICT, etc., Appellee.
No. 84-1538.
District Court of Appeal of Florida, Fourth District.
December 9, 1987.
Rehearing Denied December 22, 1987.
Edna L. Caruso, of Edna L. Caruso, P.A., and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellants.
William Zei, of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Gibbs & Silverberg, P.A., and Bernard & Mauro, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This is a timely appeal from an order of dismissal of appellants' amended complaint *1378 in a medical malpractice action. The order granting appellee's motion to dismiss the amended complaint (which was followed by a final judgment of dismissal) stated that the motion was granted because North Broward Hospital District is an agency of the state within the meaning of section 768.28, Florida Statutes (1977), and the plaintiff failed to allege compliance, and did not comply, with the notice provisions of subsection six of said statute.
In April, 1980, appellants filed a suit against North Broward Hospital District for malpractice in the treatment of their minor child while a patient in said hospital. Appellee filed an answer in May, 1980, in which it alleged that, as a division of the state, it was entitled to governmental immunity pursuant to section 768.28, Florida Statutes. Furthermore, it alleged that "the Defendant pleads that immunity along with other provisions of the Florida Statutes as a limitation and a defense to the above captioned matter." Four years later, in April, 1984, appellee filed a motion to dismiss on the grounds that appellants had failed to give the required statutory notice to the appropriate agency and the Department of Insurance as required by section 768.28(6), Florida Statutes (1977). Said motion was granted with leave to amend. Thereafter, appellants filed their amended complaint wherein they alleged that both the hospital and the Department of Insurance had actual knowledge of their claim from the beginning because the minor involved contracted meningitis while a patient in the neonatal intensive care unit of the hospital during an epidemic of meningitis of which the hospital and Department were fully aware; that the matter was fully investigated by the state; and all parties were apprised of the claim via the medical mediation proceeding that occurred at the commencement of the litigation and further, the parties engaged in settlement negotiations. In addition, appellants alleged that this case had been set for trial four different times between May, 1982, and October, 1983, and appellee never once indicated any reliance upon lack of statutory notice. In sum, appellants allege the conduct of appellee waived and estopped it from maintaining at that late date the failure to comply with the notice provisions. A motion to dismiss the amended complaint was granted with prejudice, final judgment was entered and this appeal ensued.
Our decision has been delayed awaiting a decision of the Supreme Court of Florida in Eldred v. North Broward Hospital District, 498 So.2d 911 (Fla. 1986), which settled the question, involved herein also, of whether the appellee was a state agency protected by governmental immunity by holding that it was. Thereafter, we requested supplemental briefs from counsel to assist us in resolving the question of whether the state agency charged with tortious conduct had standing to raise the issue of lack of notice to the Department of Insurance as required by the statute and whether the conduct that constitutes a waiver of notice by the agency was sufficient to constitute waiver of the notice requirement as to the Department.
The legislative enactment affecting a waiver of governmental immunity, which is applicable here, is 768.28, Florida Statutes (1977). The pertinent provision involved in this case is subsection six thereof set forth in the margin.[1] Thereby, the statute requires that written notice of claim be furnished both the offending agency and the Department of Insurance *1379 before suit can be filed. In Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983), it was contended by the claimant that, since the Department of Insurance had no financial interest in the outcome of such litigation, the failure to give it notice as required by statute was of no consequence where the offending agency was properly notified. The claimant had attached to his complaint an affidavit of an official of the Department of Insurance to the effect that the Department had no financial interest in the outcome of the suit and no role or function in the defense thereof. According to the affidavit, the Department's interest was solely to gather information and keep records regarding claims in reporting to the legislature. The supreme court chilled that approach by pointing out that the courts are not authorized to ignore the plain language of the statute. The court said:
Because this subsection is part of the statutory waiver of sovereign immunity, it must be strictly construed. In the face of such a clear legislative requirement, it would be inappropriate for this Court to give relief to the petitioner based on his or our own beliefs about the intended function of the Department of Insurance in the defense of suits against school districts. Our views about the wisdom of propriety of the notice requirement are irrelevant because the requirement is so clearly set forth in the statute.
442 So.2d at 212 (citations omitted). As recently as December, 1986, the First District Court of Appeal, in McSwain v. Dussia, 499 So.2d 868 (Fla. 1st DCA 1986), following Levine, held that the Department's function in these cases was not up for decision. The legislature prescribed it and it must be followed.
As we view this record, the hospital district may well have waived notice because of its four-year delay in raising the notice question via its motion to dismiss. However, we are unable to find any authority for the agency to waive notice to the Department as mandated by the legislature. Accordingly, we feel compelled to affirm the order of the trial court dismissing appellants' amended complaint.
Because the Department is rarely made a party to these cases, the question of the agency's standing to waive notice for the Department appears to be a question of great public importance. Therefore, we certify the following question to the Supreme Court of Florida:
IN A TORT ACTION BROUGHT AGAINST A GOVERNMENTAL AGENCY WHERE THE DEPARTMENT OF INSURANCE IS NOT MADE A PARTY, CAN THE STATUTORY REQUIREMENT OF NOTICE TO THE DEPARTMENT CONTAINED IN SECTION 768.28(6) BE WAIVED BY CONDUCT OF THE DEFENDING AGENCY?
HERSEY, C.J., and GUNTHER, J., concur.
NOTES
[1] An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.