537 So.2d 89 (1988)
Daniel MENENDEZ, etc., et al., Petitioners,
v.
NORTH BROWARD HOSPITAL DISTRICT, etc., Respondent.
No. 71725.
Supreme Court of Florida.
December 15, 1988.
Rehearing Denied February 21, 1989.
*90 Edna L. Caruso of Edna L. Caruso, P.A., and Montgomery, Searcy & Denney, P.A., West Palm Beach, for petitioners.
William Zei of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, and Ellen Mills Gibbs of Gibbs & Sliverberg, Fort Lauderdale, for respondent.
PER CURIAM.
We have for review Menendez v. North Broward Hospital District, 515 So.2d 1377 (Fla. 4th DCA 1987), to answer a certified question. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the district court's decision.
This case presents the issue of whether the defense of failure to give notice to the Department of Insurance (Department), under subsection 768.28(6), Florida Statutes (1977), can be waived by the conduct of the defending agency. We conclude that under the facts presented here it cannot.
In April 1980, the parents of Daniel Menendez filed a medical malpractice claim against Broward General Medical Center and North Broward Hospital District alleging that while their newborn son was a patient in the hospital's neonatal unit in 1978 he contracted meningitis and as a result suffered permanent brain damage. Four years later, in April 1984, the hospital filed a notice to dismiss on the grounds that the Menendezes had failed to follow the notice requirements in subsection 768.28(6), Florida Statutes (1977), which provides that:
An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing.
In their amended complaint, the Menendezes assert that the hospital was directly notified via certified mail and the Department received constructive notice of the claim through the Florida Board of Medical Examiners and the Department of Health and Rehabilitative Services. They further allege that the hospital failed to raise the defense of statutory notice and participated in mediation and settlement negotiations during the four-year period that the case was pending in court.
The trial court dismissed the claim with prejudice, finding that: 1) the Menendezes had failed to allege in their complaint compliance with the notice requirements; 2) the Menendezes had failed in fact to comply with the requirements; and 3) compliance is a condition precedent to the filing of suit. The district court, in its affirmance, concluded that while the hospital may have waived its right to notice by waiting four years to raise the issue, no authority existed permitting the hospital to waive notice to the Department. The court then certified the following question:
IN A TORT ACTION BROUGHT AGAINST A GOVERNMENTAL AGENCY WHERE THE DEPARTMENT OF INSURANCE IS NOT MADE A PARTY, CAN THE STATUTORY REQUIREMENT OF NOTICE TO THE DEPARTMENT CONTAINED IN SECTION 768.28(6) BE WAIVED BY CONDUCT OF THE DEFENDING AGENCY?
*91 Menendez, 515 So.2d at 1379. Under the facts presented here, we answer this question in the negative for the following reasons.
Subsection 768.28(6) requires three things prior to instituting an action against a state agency. First, the claimant must present the claim to the agency in writing. Second, the claimant must present the claim to the Department of Insurance in writing. Third, the claim proffered to the Department must be presented within three years after it accrues and the agency or the Department denies the claim in writing. The Menendezes concede that they failed to notify the Department, and that the time for notification has passed. They assert, however, that the hospital, by its actions, waived the notice requirement and is estopped from raising lack of notice as a defense.
In Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, (Fla. 1979), we recognized that compliance with the notice requirements of subsection 768.28(6) is a condition precedent to maintaining a suit against a government entity. In Levine v. Dade County School Board, 442 So.2d 210, 212 (Fla. 1983), we pointed out that the language in the state's notice provision is clear and must be strictly construed:
Section 768.28(6) clearly requires written notice to the department within three years of the accrual of the claim before suit may be filed against any state agency or subdivision except a municipality. Because this subsection is part of the statutory waiver of sovereign immunity, it must be strictly construed.
There, we concluded that:
Under section 768.28(6), not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice... . Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice.
Id. at 213 (citations omitted). This Court has thus determined that absent an allegation of departmental notice, the complaint fails to state a cause of action. Though the issue of waiver was not raised in Levine, our ruling there clearly indicates that notice to the Department is an essential element of the cause of action. As such, the right to raise this defense is controlled by Florida Rule of Civil Procedure 1.140(h)(2) which provides that:
The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.
Under our ruling in Levine and the facts presented here, the hospital raised a viable and timely defense which could be asserted by motion any time prior to or at the trial on the merits. The time for filing a proper claim having expired, the Menendezes' failure to notify the Department is fatal to their complaint. Because this failure was present from the beginning and cannot be attributed to the hospital's conduct, the doctrine of estoppel is inapplicable.
Accordingly, we approve the order of the district court.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., did not participate in this case.