WIGGINTON, Judge.
The issues presented in this appeal are whether the notice provisions in section 768.28(6), Florida Statutes, may be substantially complied with and whether there is in fact substantial compliance where the agency receives notice of claim by some means other than directly from the claimant. For the following reasons, we affirm the summary judgment entered against appellant, thereby dismissing his claim for personal injury against the Department of Corrections (DOC).
*137 Appellant was injured while a passenger in a van driven by a DOC employee on July 20, 1984. He sent notice pursuant to section 768.28(6) to the Department of Insurance on February 27, 1987. Additionally, his attorney attempted to notify DOC but in doing so addressed the envelope to the Bradford County Department of Corrections. Bradford County’s insurance company investigated the claim and notified appellant’s attorney that the vehicle in question belonged to the State DOC.
It is undisputed that DOC did not receive a claim letter directly from appellant until March 7, 1988, more than three years after the alleged accident. However, in the meantime, in February 1987, the Department of Insurance wrote to Jimmy Folsom, then Inmate Grievance Administrator for DOC, requesting information about appellant’s accident. A copy of appellant’s notice which was addressed and sent to the Department of Insurance was attached to this letter. The letter was forwarded to Mr. Folsom on or about March 12, 1987. As the Inmate Grievance Administrator, Mr. Folsom was not involved with the receipt of notices of claim. Rather, it was at that time the responsibility of Ms. Nona Brown to maintain the case log of lawsuits and notices of claim filed against DOC or its employees. Her affidavit filed in this cause stated that a notice of claim dated March 2, 1988, was received by DOC’s central office on March 7. A thorough and complete search of DOC records, however, revealed that no notice of the claim was received in her office prior to the date mentioned above. Mr. Folsom testified on deposition that he has no memory of appellant’s accident or the letter sent to him by the Department of Insurance.
The Department filed a motion to dismiss appellant’s complaint on the ground of improper notice. The motion was granted and motion for rehearing was denied. However, we reversed to allow appellant to amend his complaint. See Hamide v. State, Department of Corrections, 548 So.2d 877 (Fla. 1st DCA 1989). Discovery was thereafter directed to the issue of notice and following discovery, DOC moved for summary judgment on the issue of notice. The trial court granted the Department’s motion and dismissed appellant’s claim.
Section 768.28(6) requires written notice be sent to the Department of Insurance and the affected state agency within three years of the accrual of the claim before suit may be filed against the agency. In Levine v. Dade County School Board, 442 So.2d 210 (Fla.1983), the Florida Supreme Court emphasized that the language in section 768.28(6) is clear and must be strictly construed “[bjecause this subsection is part of the statutory waiver of sovereign immu-nity_” Id. at 212.
Recently, in Menendez v. North Broward Hospital District, 537 So.2d 89 (Fla. 1988), the supreme court noted that subsection 768.28(6) “requires” three things prior to instituting an action against a state agency:
First, the claimant must present the claim to the agency in writing. Second, the claimant must present the claim to the Department of Insurance in writing. Third, the claim proffered to the Department must be presented within three years after it accrues and the agency or the Department denies the claim in writing.
537 So.2d at 91 (emphasis added). Indeed, the statute itself explicitly and clearly states that “[a]n action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency....”
The foregoing leaves little room for substantial compliance and leaves no doubt that it is incumbent upon the claimant to notify the agency. Thus, section 768.28(6) was not complied with in this case where notice was forwarded to the Department of Corrections by a third party rather than directly by the claimant. In so holding, we recognize that our opinion would appear to conflict with the position taken by the Fifth District in Franklin v. Department of Health and Rehabilitative Services, 493 So.2d 17 (Fla. 5th DCA 1986).
AFFIRMED.
WOLF, J., concurs.
*138 WENTWORTH, Senior Judge, dissents without opinion.