601 So.2d 1318 (1992)
Cecelia Miles WRIGHT, as parent and natural guardian of Lori Wright, a minor, Appellant,
v.
POLK COUNTY PUBLIC HEALTH UNIT, Appellee.
No. 91-03395.
District Court of Appeal of Florida, Second District.
July 8, 1992.
*1319 J. Scott Murphy and Vivian T. Cocotas of Parker, Johnson, Anderson, McGuire & Michaud, P.A., Orlando, for appellant.
A. Wade James of Hampp, Schneikart & James, P.A., St. Petersburg, for appellee.
HALL, Judge.
The appellant, Cecelia Miles Wright, challenges a final order dismissing her medical malpractice action against the appellee, Polk County Public Health Unit (Polk County). Wright contends the trial court erred in relying upon matters outside the four corners of the complaint as a basis for its dismissal of the case with prejudice. Wright further contends that the tolling of the statute of limitations pertaining to malpractice suits extends the time period within which notice of suit must be given to the Department of Insurance pursuant to the Sovereign Immunity Act. While we agree with Polk County's argument that the tolling of the limitations period governing malpractice actions has no effect on the limitations period enunciated in the Sovereign Immunity Act, we find the case was improperly dismissed with prejudice.
Wright brought this action against Polk County alleging she received negligent prenatal care from Polk County personnel, which resulted in permanent injury to her infant daughter at birth. The complaint further alleged "[p]laintiffs have complied with all conditions precedent to the bringing of this action."
Section 768.28(6)(a), Florida Statutes (1987), a provision of the Sovereign Immunity Act, provides:
An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, ... presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues... .
Thus, in order to state a cause of action against a state agency, a complaint must specifically allege that timely written notice has been given to the Department of Insurance in compliance with section 768.28(6)(a). See Menendez v. North Broward Hospital District, 537 So.2d 89 (Fla. 1988); Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983); Commercial Carrier v. Indian River County, 371 So.2d 1010 (Fla. 1979). Where a complaint fails to state such statutory compliance, dismissal of the case is appropriate. Dismissal of the case with prejudice, however, is appropriate only if "it is apparent that the plaintiff cannot fulfill the requirement." Levine v. Dade County School Board; Menendez v. North Broward Hospital. Where it cannot be determined from the face of the complaint itself whether the complaint could indeed be amended to aver statutory compliance, dismissal with prejudice is erroneous. See Countryside Christian Center v. City of Clearwater, 542 So.2d 1037 (Fla. 2d DCA 1989); Crews v. Ellis, 531 So.2d 1372 (Fla. 1st DCA 1988); E. Naples Water Sys., Inc. v. Bd. of County Comm'rs of Collier County, 457 So.2d 1057 (Fla. 2d DCA 1984).
The complaint in the instant case failed to specifically allege that timely written notice had been given to the Department of Insurance. Thus, dismissal of the case was proper. Since, however, it could not be determined from the face of the complaint when Wright's cause of action accrued and whether statutory compliance was even possible, dismissal of the case with prejudice was improper.
We therefore reverse the trial court's order dismissing the case with prejudice and remand for further proceedings consistent with this opinion.
RYDER, A.C.J., and SCHOONOVER, J., concur.