625 So.2d 1240 (1993)
Emilia LOPEZ, Individually, and as parent and natural guardian of R.M., I.L., and F.D., minor children, Appellants,
v.
Alan PRAGER, State of Florida, Dept. of Health & Rehabilitative Services, and Metropolitan Dade County, Appellees.
No. 92-1858.
District Court of Appeal of Florida, Third District.
August 31, 1993.
Rehearing Denied November 23, 1993.
*1241 Carlos M. Rippes, Hialeah, Angones, Hunter, McClure, Lynch & Williams and Christopher Lynch, Miami, for appellants.
Robert A. Ginsburg, Co. Atty., and Roy Wood, Asst. Co. Atty., for appellees.
Before SCHWARTZ, C.J., and BARKDULL and COPE, JJ.
BARKDULL, Judge.
On August 16, 1988, appellants' counsel, Carlos M. Rippes, notified the Insurance Commissioner of appellants' intent to sue the State of Florida and the Department of Health and Rehabilitative Services.[1] The Department of Insurance responded on September 23, 1988, stating that it had no interest in any claim against any city or county.[2] About February 17, 1989, appellants' counsel, upon learning that appellee, Prager, was employed by the county, notified the appropriate county authorities. They responded and sent what they said were the necessary forms to be completed. Appellants' counsel completed those forms and submitted all further correspondence to the claims adjuster for the county.
Appellants brought a suit against appellees alleging that appellee, Prager, had sexually assaulted and molested appellants, R.M., I.L., and F.D.; that appellee, Dade County failed to perform a reasonable investigation which would have revealed Prager's past conviction for sex related offenses as well as his suspension from the National Association of Social Workers, Inc. for allegations of sexual misconduct; and that The State of Florida Department of Health and Rehabilitation Services had failed to warn appellant, Emilia Lopez, or to take any action to prevent further abuse after receiving complaints of sexual abuse by appellee, Prager.
Appellee, Dade County, raised an affirmative defense that appellants failed to furnish the necessary notice in writing to the Department of Insurance prior to initiating the action as required by Section 768.28 of the Florida Statutes[3] and was therefore barred. *1242 A Motion for summary judgment filed by Dade County, was granted by the trial court which agreed that appellants were obligated to provide a notice of intent to the Department of Insurance and the County. This appeal follows.
The trial court correctly entered summary judgment in favor of appellee county, as appellants failed to send written notification to the Department of Insurance stating their intent to file an action against Dade County. A notice of intent to sue the State of Florida or HRS is not equivalent to, nor may it be inferred as a notice of intent to sue Dade County. Dade County is a separate defendant and there is a separate cause of action against it. Scarlett v. Public Health Trust, 584 So.2d 75 (Fla. 3d DCA 1991).
Neither the Department of Insurance nor Dade County waived the notice requirement of Florida Statutes Section 768.28(6). Waiver of notification to the Department of Insurance cannot be interpreted from the action of Dade County's claims adjuster because no representation was made with respect to any communication between plaintiff's counsel and the state. The county representative had no reason to know that appellants' counsel had not notified the Department of Insurance and had no duty to inform it of such requirement. If anything, counsel had knowledge that the prerequisite of notice existed and it was his duty to determine the conditions under which suit is authorized. The notice requirement is not obviated just because the State Department of Insurance expresses lack of interest in the claim. Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983).
Actions of the state may not be raised as an estoppel against the county. See and compare Menendez v. North Broward Hospital District, 537 So.2d 89 (Fla. 1988). Plaintiff-counsel was under a continuing duty to know the law applicable to notice as a precondition to suing a government agency. See and compare Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984).
Therefore for the reasons above stated, the order under review, be and the same is hereby affirmed.
Affirmed.
SCHWARTZ, C.J., concurs.
COPE, Judge (dissenting).
I respectfully dissent. In my judgment the majority reads Menendez v. North Broward Hospital District, 537 So.2d 89 (Fla. 1988), too narrowly.
In Menendez plaintiff brought suit against the defendant hospital without giving notice to the Department of Insurance under section 768.28, Florida Statutes (1977). 537 So.2d at 90. After the lawsuit had been pending for four years and after the statutory notice period had expired, the hospital successfully moved to dismiss plaintiff's claim for failure to give the required notice. The Florida Supreme Court observed that the question was whether the statutory notice requirement "can be waived by the conduct of the defending agency. We conclude that under the facts presented here it cannot." 537 So.2d at 90 (emphasis added). Under the facts of Menendez, the hospital had taken no steps to mislead or deter the plaintiff from giving notice to the Department of Insurance. "Because this failure was present from the beginning and cannot be attributed to the hospital's conduct, the doctrine of estoppel is inapplicable." Id. at 91 (emphasis added).
Menendez makes clear that in a proper case, the doctrines of waiver and estoppel can be invoked in order to bar dismissal for failure to give notice under section 768.28. This court had previously so held in Meli v. Dade County School Board, 490 So.2d 120 *1243 (Fla. 3d DCA), review denied, 500 So.2d 543 (Fla. 1986).
In the present case plaintiff's counsel wrote to the Department of Insurance giving notice of intent to sue Alan Prager, the Department of Health and Rehabilitative Services ("HRS"), and the State of Florida, based on alleged misconduct of Prager.[1] Plaintiff's counsel mistakenly believed that Prager had been an employee of the Department of Health and Rehabilitative Services at the relevant time.
The Department of Insurance responded as follows:
It is not clear from your letter why you are making claim against HRS or the State of Florida. If you intend to make a claim against HRS, we need you to outline in specific detail the basis of your claim. HRS records show that Mr. Prager has never been employed by HRS. Therefore, we do not see any basis for a claim against HRS or the State of Florida. We have no interest in any claim against any city or county.

(Emphasis added).
The final sentence of the Department of Insurance letter is the pivotal one. The Department of Insurance had correctly surmised that the complained-of incident did not involve a state employee, but in fact involved a county or city employee. The Department's letter, as I read it, informed plaintiff's counsel (1) that if he intended to assert a claim against HRS, he must provide the Department of Insurance with further information, but (2) if he was asserting a claim against a city or county, then he need not provide any further information to the Department of Insurance. While I believe that is the plain, obvious, and logical interpretation of the Insurance Department's letter, at the very least there is a material factual issue as to whether the Department of Insurance letter could reasonably be so understood. If plaintiff was misled by the Department's letter  and it is obvious that plaintiff was  the doctrines of waiver and estoppel are applicable here as contemplated by Menendez and Meli.
It is argued, however, that none of this has anything to do with Dade County. It is said that if there was any error of communication, that was the fault of the Department of Insurance and cannot be laid at the county's door. That argument has no place here.
In the present case it is undisputed that the county at all times had actual knowledge of the plaintiff's claims. Plaintiff completed the various claim forms required by the county.
The county seeks dismissal, however, based on the plaintiff's failure to send statutory notice to the Department of Insurance. Dade County's right to enforce the notice requirement is derivative of that of the Insurance Department. If, for example, the Insurance Department expressly waived the notice requirement as to plaintiff, the county could not complain.
Here, the Department of Insurance is the responsible agency under the statute for receiving and processing notices. The Department misled plaintiff's counsel into believing that no further notice was needed for a claim against the county  or at least there is a material factual issue on that point. Where the Insurance Department's conduct waives the statutory notice or gives rise to an estoppel, Dade County is bound thereby.
I would reverse the summary judgment.
NOTES
[1] August 16, 1988
Insurance Commissioner
Department of Insurance
Process Section P.O. Box 6100
Tallahassee, FL XXXXX-XXXX

NOTICE OF INTENT TO SUE
Re: Lopez vs. Prager, HRS, and State of Florida
Dear Sirs:
The undersigned has been retained by Mrs. Emilia Lopez and her minor children, to-wit: F.D., R.M., and I.L.
Pursuant to Florida Statutes, 768.28(5)-768.28(8), this letter will hereby serve as notice of my clients intent to sue the State of Florida
This case involves the sexual battery committed by one former State employee, Alan Bradley Prager, against the aforementioned minor children.
Enclosed herewith please find copies of the Information filed by Janet Reno, State Attorney, against Alan Bradley Prager.
Please be advised that we shall sue the State of Florida and HRS unless a proper settlement is not forthcoming.
In anticipation of reaching an amicable settlement, I remain
 Very truly yours,
 Carlos M. Rippes

[2] September 23, 1988
Carlos M. Rippes, Esquire
24 East 5th Street
Hialeah, FL 33010

RE: Lopez vs. Prager, HRS, and State of Florida
Dear Mr. Rippes,
Reference to your letter of August 16, 1988.
It is not clear from your letter why you are making claim against HRS or the State of Florida. If you intend to make a claim against HRS, we need you to outline in specific detail the basis of your claim. HRS records show that Mr. Prager has never been employed by HRS. Therefore, we do not see any basis for a claim against HRS or the State of Florida. We have no interest in any claim against any city or county.
Your cooperation is appreciated.
 Sincerely,
 Judy Duell
 Insurance Specialist III
 Bureau of State Liability Claims

[3] Section 768.28(6)(a) reads as follows:

An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Spaceport Florida Authority, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing; except that, if such claim is for contribution pursuant to s. 768.31, it must be so presented within 6 months after the judgment against the tortfeasor seeking contribution has become final by lapse of time for appeal or after appellate review or, if there is no such judgment, within 6 months after the tortfeasor seeking contribution has either discharged the common liability by payment or agreed, while the action is pending against him, to discharge the common liability.
[1] The notice of intent to sue is set forth in full in the majority opinion.