743 So.2d 44 (1999)
Irene WALL and James Wall, her husband, Appellants,
v.
PALM BEACH COUNTY, Appellee.
No. 98-1952.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Rehearing Denied October 27, 1999.
Michael J. Ferrin, West Palm Beach, for appellant.
Holly S. Harvey of Thornton, Davis & Murray, P.A., Miami, for appellee.
PER CURIAM.
Summary judgment was entered in favor of Palm Beach County on appellants' suit for negligence on the ground that appellants had failed to provide the statutory notice of intent to sue to the Department of Insurance ("Department") pursuant to section 768.28(6), Florida Statutes (1997). Appellants complain that because the county neglected to state its defense of lack of notice to the Department in specific terms pursuant to Florida Rule of Civil Procedure 1.120(c), it waived any reliance thereon. While the county *45 may waive the requirement of notice to itself, an agency may not waive notice to the Department. Cf. Menendez v. North Broward Hosp. Dist., 515 So.2d 1377, 1379 (Fla. 4th DCA 1987) ("Menendez I"), approved, 537 So.2d 89 (Fla.1988) ("Menendez II"). Moreover, because notice to the Department of Insurance as well as the agency is essential to state a cause of action, the failure to give notice may be raised by motion at any time prior to trial. See Menendez II, 537 So.2d at 91.
Appellant cites Gardner v. Broward County, 631 So.2d 319 (Fla. 4th DCA 1994), for the proposition that notice can be waived by the county. This case is distinguishable. In Gardner, we held that the county waived the statutory notice requirement where it waited until trial to raise the issue. See id. at 320. However, that case involved the county's ability to waive notice to itself, not to the Department of Insurance. See id. at 319. We noted in Menendez I, 515 So.2d at 1379, that although the hospital may have waived its right to notice by waiting four years to raise the issue, there was no authority allowing the hospital to waive notice to the Department.
The motion for summary judgment and uncontradicted affidavits filed by the county show that no notice was given to the Department. Therefore, summary judgment was appropriate.
Affirmed.
WARNER, C.J., SHAHOOD, J., and CHAVIES, MICHAEL B., Associate Judge, concur.