756 So.2d 1077 (2000)
BROWARD COUNTY SCHOOL BOARD, a political subdivision, Petitioner,
v.
Jimmy JOSEPH, Respondent.
No. 4D99-3460.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
Raymond G. Ferrero, III and Robert J. Harkins and of Ferrero Buschel Carter & Schwartzreich, Fort Lauderdale, for petitioner.
Brian R. Kopelowitz of Zebersky & Giulianti, P.A., Plantation, for respondent.
PER CURIAM.
Broward County School Board petitions for a writ of certiorari from an order denying its motion to dismiss with prejudice a personal injury lawsuit brought against it by Jimmy Joseph.
Joseph filed a complaint against the School Board on or about June 29, 1999, alleging that he was injured during a school fight on June 24, 1996. The School Board moved to dismiss the lawsuit for failure to allege compliance with the presuit notice requirements of section 768.28, Florida Statutes (1995). Joseph admitted that he did not strictly comply with section 768.28, Florida Statutes, by not notifying the Department of Insurance within the statutory period.
Section 768.28(6)(a), Florida Statutes, provides in pertinent part:
An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, ... presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues....
Section 768.28(6)(b), Florida Statutes, provides in pertinent part:
For the purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.
Section 768.28(6), Florida Statutes, is part of a statutory waiver of sovereign *1078 immunity, and therefore, strict compliance is required. See Levine v. Dade County Sch. Bd., 442 So.2d 210 (Fla.1983). Failure to provide notice to the Department of Insurance is fatal to Joseph's claim because he can never satisfy the conditions precedent to filing suit against the School Board. Id.; see also Menendez v. North Broward Hosp. Dist., 537 So.2d 89 (Fla.1988)(concluding that in a tort action brought against a governmental agency where the Department of Insurance is not made a party, the statutory requirement of notice to the Department contained in section 768.28(6) cannot be waived by conduct of the defending agency); Wall v. Palm Beach County, 743 So.2d 44 (Fla. 4th DCA 1999)(affirming a summary judgment in favor of the county on the grounds of failure of the claimant to give notice of intent to sue to the Department of Insurance pursuant to section 768.28(6), Florida Statutes (1997)).
Accordingly, we grant the School Board's petition for certiorari, quash the order denying the motion to dismiss, and remand for entry of order granting the motion to dismiss with prejudice.
CERTIORARI GRANTED.
DELL, POLEN and GROSS, JJ., concur.