PER CURIAM.
The trial court entered a judgment of dismissal on appellant, Salvatore Raffone’s, complaint for replevin filed against appel-lee, Fort Lauderdale Police Department, because appellant failed to timely give ap-pellee pre-suit notice of his claim as required under section 768.28(6)(a), Florida Statute (2001). We affirm.
Section 768.28(6)(a) provides in relevant part:
An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Spaceport Florida Authority, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues....
“Compliance with that subsection of the statute is clearly a condition precedent to maintaining a suit. Consequently, the performance of the condition should be alleged in the complaint in accordance with Florida Rule of Civil Procedure 1.120(c).” Commercial Carrier Corp. v. Indian River Cty., 371 So.2d 1010, 1022-23 (Fla.1979) (citations omitted). In Levine v. Dade County School Board, 442 So.2d 210 (Fla.1983), the supreme court stated:
Under section 768.28(6), not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice. Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice.
Id. at 213 (citations omitted).
Appellant’s cause of action accrued at the latest on January 13, 2000 and he did not send his pre-suit notice until April 15, 2003, more than three years later. The trial court properly dismissed the complaint because appellant cannot amend his *645 complaint to allege compliance with the pre-suit notice requirement.

Affirmed.

STONE, GROSS and HAZOURI, JJ., concur.