# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0724

_____

THEODORE FAGAN, as
Personal Representative of the
Estate of LaShan Fagan,

     Appellant,

     v.

JACKSON COUNTY HOSPITAL
DISTRICT d/b/a JACKSON
HOSPITAL, a/k/a JACKSON
COUNTY HOSPITAL FOUNDATION,
INC.,

     Appellee.

_____

On appeal from the Circuit Court for Jackson County.
Ana Maria Garcia, Judge.

February 14, 2024

KELSEY, J.

The final judgment on appeal dismissed Appellant's wrongful-death lawsuit against Appellee, a hospital district protected by sovereign immunity. *See* § 768.28(2), Fla. Stat. (2017) (defining "state agencies or subdivisions" as including "the independent establishments of the state, including state university boards of trustees; counties and municipalities; and corporations primarily

acting as instrumentalities or agencies of the state, counties, or municipalities"). We affirm the judgment of dismissal.

The trial court ruled that dismissal was required because—as is undisputed—Appellant failed to comply with the statutory two-year time limit for notifying the Florida Department of Financial Services of the claim under section 768.28(6)(a)2. of the Florida Statutes. This section provides as follows:

> [If] [s]uch action is for wrongful death, the claimant must present the claim in writing to the Department of Financial Services within 2 years after the claim accrues.

§ 768.28(6)(a)2., Fla. Stat. (2017); *see* § 95.11(4)(d), Fla. Stat. (establishing two-year statute of limitations following accrual of an action for wrongful death).

Although conceding he did not notify DFS within that time limit, Appellant argues instead that, because chapter 766 establishes presuit investigation requirements that apply to claims against both non-immune defendants and immune defendants like Appellee, fairness and equity dictate that tolling provisions in chapter 766 should apply equally in actions under section 768.28. Appellant argues that if that were the case, the strict two-year time limit for notifying DFS under section 768.28(6)(a)2. should be extended as well, making the notice to DFS timely in this case.

Dual dichotomies are critically important here: immune versus non-immune defendants, and notices to defendants versus notices to statutorily designated state agencies. It is true that claimants and defendants alike (even immune defendants) are subject to presuit investigation requirements. *See* § 766.203(2), Fla. Stat. (applying requirements to claimants); § 766.106(3) (applying them to defendants). And it is true that section 766.106(4) authorizes tolling of statutes of limitations for filing suit during such presuit investigations:

> The notice of intent *to initiate litigation* shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of

2

limitations is tolled *as to all potential defendants*. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to *file suit*.

§ 766.106(4), Fla. Stat. (2017) (emphasis added). As is facially obvious, this section tolls deadlines for filing lawsuits, not for giving statutory notice to state agencies. These parties agreed to the extensions contemplated in section 766.106(4)—*as to filing of a lawsuit*. The parties never agreed to an extension for notifying DFS under section 768.28(6)(a)2.—nor could they have validly done so.

Chapter 766 addresses notice to state agencies separately. It requires claimants to give notice of their claims to the state agencies with potential regulatory authority over medical malpractice. Such notices in cases subject to chapter 766 are not due until after presuit investigations end and after a suit is filed:

> Following the initiation of a suit alleging medical negligence with a court of competent jurisdiction, and service of the complaint upon a defendant, the claimant shall provide a copy of the complaint to the Department of Health and, if the complaint involves a facility licensed under chapter 395, the Agency for Health Care Administration.

§ 766.106(2)(b), Fla. Stat. (2017).

Unlike section 766.106, section 768.28 uniquely embodies and restricts the state's limited waiver of sovereign immunity in tort actions. The Florida Legislature expressly and specifically made these actions "subject to the limitations specified in this act." § 768.28(1), Fla. Stat. (2017). In cases subject to section 768.28, "the claimant must present the claim in writing to the Department of Financial Services within 2 years after the claim accrues."

3

§ 768.28(6)(a)2., Fla. Stat. (2017). Unlike chapter 766, section 768.28 does not allow for delayed notice to DFS.

Appellant nevertheless argues that we should interpret section 768.28 as allowing delayed notice to DFS after the tolling contemplated in chapter 766, because that would more "fairly and equitably" allow more time for presuit investigation in cases involving immune defendants. Appellant argues that the strict limitations in section 768.28(6) "conflict with the purpose of Chapter 766 presuit provisions."

As a threshold matter, we observe that any statutory interpretation argument based on what a litigant thinks the Florida Legislature "should" have said but did not say, and asking us to say it instead, stands on extremely unstable ground. Our standard of review for statutory interpretation is de novo, but "[w]e are not at liberty to add words to statutes that were not placed there by the Legislature." *Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999). If a statute is "'clear, unambiguous, and addresses the matter in issue,' then our task is at an end." *Advisory Op. to Governor re Implementation of Amend. 4, the Voting Restoration Amend.*, 288 So. 3d 1070, 1078 (Fla. 2020) (quoting *Graham v. Haridopolos*, 108 So. 3d 597, 603 (Fla. 2013)). Courts are "'without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.'" *Holly v. Auld,* 450 So. 2d 217, 219 (Fla.1984) (emphasis removed) (quoting *Am. Bankers Life Ins. Co. of Fla. v. Williams*. 212 So. 2d 777, 778 (Fla. 1st DCA 1968). These limits apply with greater force in the context of section 768.28, which, as a limited waiver of the state's sovereign immunity, must be "strictly construed, with strict compliance being required." *Maynard v. State Dep't of Corr.*, 864 So. 2d 1232, 1234 (Fla. 1st DCA 2004).

Established precedent requires affirmance. In *Menendez v. North Broward Hospital District*, 537 So. 2d 89 (Fla. 1988), the defendant in a malpractice action was a hospital district, as is the defendant here. Significantly, the court expressly noted that its analysis was governed by the requirement that the statutory waiver of sovereign immunity must be strictly construed. *Id.* at 91. The statutory agency-notice requirement of section 768.28 applied

4

(though what is now DFS was then called the Department of Insurance and the limit was three years). *Id.* at 90–91. The lawsuit was filed and had been pending for four years before the defendant moved to dismiss on the grounds that the plaintiffs had failed to notify DOI timely. *Id.* at 90. The plaintiffs argued that the agency had indirect notice of the claim and that the defendant was estopped from raising timeliness because it had participated in the litigation for years without raising the notice defect. *Id.* The defendant prevailed before the trial court and on appeal, and the Florida Supreme Court affirmed on a certified question. The supreme court, in addition to honoring the requirement of strictly construing section 768.28, emphasized that timely notice to the agency is "an essential element of the cause of action," making the plaintiffs' failure to comply "fatal to their complaint." *Id.* at 91.

The *Menendez* court relied on *Levine v. Dade County School Board*, 442 So. 2d 210 (Fla. 1983), which required strict construction of the agency-notice deadline in section 768.28(6). *Menendez*, 537 So. 2d at 91 (citing *Levine*, 442 So. 2d at 212–13). In *Levine,* the plaintiff argued that the agency-notice requirement was non-substantive, and that the failure to give such notice should be excused because it did not create any prejudice. *Levine,* 442 So. 2d at 211. The plaintiff even got an affidavit from DOI saying the agency had no financial interest or function in such claims. *Id.* Nevertheless, the Florida Supreme Court rejected the plaintiff's arguments. The court recognized that it was required to give effect to the plain language of the statute, and held that as part of the statutory waiver of sovereign immunity, it must be strictly construed. *Id.* at 212 (first citing *Manatee Cnty. v. Town of Longboat Key,* 365 So. 2d 143 (Fla.1978); and then citing *Spangler v. Fla. State Tpk. Auth.,* 106 So. 2d 421 (Fla.1958)). The court summed up the statutory-interpretation restrictions as follows:

> In the face of such a clear legislative requirement, it would be inappropriate for this Court to give relief to the petitioner based on his or our own beliefs about the intended function of the Department of Insurance in the defense of suits against school districts. Our views about the wisdom or propriety of the notice requirement are irrelevant because the requirement is so clearly set forth in the statute. . . . Consideration of the efficacy of or need

for the notice requirement is a matter wholly within the legislative domain.

> . . . Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice.

*Levine,* 442 So. 2d at 212–13.

Appellant attempts to distinguish *Menendez* and *Levine* on the grounds that they did not address his equitable argument. This bootstrapping is contrary to numerous additional cases. The same presuit tolling argument was rejected on the same grounds in *Wright v. Polk County Public Health Unit*, 601 So. 2d 1318 (Fla. 2d DCA 1992). The court there held that the complaint was properly dismissed for failure to allege timely notice to the agency, but could not be dismissed with prejudice because the record did not demonstrate whether timely compliance was still possible. *Id.* at 1319. There as here, the plaintiff argued that the statutory tolling for presuit investigation requirements should apply to chapter 768 as well. *Id.* The court rejected the tolling argument, citing *Menendez* and *Levine. Id.* at 1023. To similar effect is *Goldberg v. Belkins Moving and Storage Company*, 423 So. 2d 491, 491 (Fla. 1st DCA 1982), where the tolling of the statute of limitations under the Soldiers and Sailors Civil Relief Act was held not to toll time for giving notice to DOI under section 768.28(6).

Furthermore, the trial court judge originally assigned to this case below thoroughly explained the problem with Appellant's argument, in an early order denying on procedural grounds the hospital's pre-answer motion to dismiss:

> Again and again, Florida courts have reiterated that the failure of a claimant to timely notify DFS can cripple an otherwise viable claim. *See Maynard* [*v. State, Dept. of Corr.*], 864 So. 2d [1232,] 1234 [(Fla. 1st DCA 2004)] (holding that appellant's complete failure to timely notify the department was fatal to the claim); *see also, Broward County School Board v.* Joseph, 756 So. 2d 1077 (Fla. 4th [DCA] 2000) (holding that plaintiff's suit was due to be

6

dismissed because of his failure to satisfy conditions precedent by not notifying the department within the mandated time frame); *Wall v. Palm Beach County*, 743 So. 2d 44 (Fla. 4th DCA 1999) (affirming summary judgment in favor of county on the grounds of failure of the claimant to give notice of claim to the department); *Wagatha v. City of Satellite Beach*, 865 So. 2d 620 (Fla. 5th DCA 2004) (affirming dismissal of complaint with prejudice because appellant did not provide timely notice of claim under § 768.28(6)(a)); *Pirez v. Brescher*, 584 So. 2d 993, 995 (Fla. 1991) ("[Plaintiff] failed to give proper notice of his claim and thus failed to comply with a condition precedent to the waiver of sovereign immunity. This necessarily results in the dismissal of his claim."); *Burkett v. Calhoun County*, 441 So. 2d 1108 (Fla. 1st DCA 1983) (affirming dismissal of complaint against the county where plaintiffs did not notify the department of insurance within three years as required by § 768.28(6)). A blind eye cannot be given to such case law.

Despite this weight of authority and clear warning from the trial court, Appellant pursued and continues to pursue his *in pari materia* argument by citing *Maggio v. Florida Department of Labor & Employment Security,* 899 So. 2d 1074, 1076–77 (Fla. 2005). He claims *Maggio* is "controlling," and argues that the supreme court in *Maggio* "harmonized" the Florida Civil Rights Act (FCRA) with the sovereign immunity statute to excuse a claimant's failure to notify DFS within three years as then required by section 768.28(6).

*Maggio* is inapposite. Contrary to Appellant's argument, the court there clearly distinguished between the two statutory schemes. In *Maggio,* the issue was whether, as the defendant state agency argued, a state employee's employment discrimination claim should be treated as a tort claim and made subject to the separate tort notice requirements of section 768.28(6). 899 So. 2d at 1076. The legislature did not reference the tort immunity provisions of section 768.28(6) anywhere in the FCRA. The supreme court rejected the agency's argument, holding that the two statutory schemes—civil rights on the one hand and tort claims against the state on the other hand—are independent. 899

7

So. 2d at 1080. The other cases Appellant cites for this argument are likewise inapposite, as they do not involve the two statutes at issue here or apply the strict limits for interpreting the state's limited waiver of sovereign immunity in section 768.28.

We have carefully considered all of Appellant's arguments and authorities, and find them without merit. In light of the overwhelming weight of controlling authority, we affirm the trial court's dismissal of Appellant's lawsuit.

AFFIRMED.

LEWIS and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Joseph D. Lane and John Givens of The Cochran Firm – Dothan, P.C., Dothan, Alabama, for Appellant.

Jaken E. Roane of Guilday Law, P.A., Tallahassee, for Appellee.