DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EFRAIN SOTO,** in care of **MICHAEL SOTO,**
Appellant,

v.

**FRANKLIN ACADEMY FOUNDATION, INC.,**
a Florida not for profit corporation,
Appellee.

No. 4D2023-2108

[May 8, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn Bell, Judge; L.T. Case No. 502022CA010557XXXMB.

Robert Garven, Margate, and Colin Richards of Colin Richards Law, P.A., West Palm Beach, for appellant.

Kimberly J. Fernandes of Kelley Kronenberg, P.A., Tallahassee, for appellee.

GERBER, J.

The plaintiff father appeals from the circuit court's final judgment granting the defendant charter school's motion to dismiss the plaintiff's negligence action against the charter school for injuries suffered by the plaintiff's child in a playground accident. The circuit court dismissed the action because the plaintiff had failed to timely comply with the condition precedent stated in section 768.28(6)(a), Florida Statutes (2018):

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, county, or the Florida Space Authority, presents such claim in writing to the [state's] Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing …

§ 768.28(6)(a), Fla. Stat. (2018) (subsection exceptions omitted); *see also* § 768.28(6)(b), Fla. Stat. (2018) ("For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action ....").

The plaintiff also appeals from the circuit court's order denying the plaintiff's motion for rehearing.

The plaintiff primarily argues he did not have to comply with section 768.28(6)(a)'s condition precedent because, according to the plaintiff, a charter school is not a "state" agency, but rather is a "county" agency.

Applying de novo review, we disagree with the plaintiff's argument. *See Kidwell Grp., LLC v. SafePoint Ins. Co.*, 376 So. 3d 48, 50 (Fla. 4th DCA 2023) ("An order granting a motion to dismiss is reviewed de novo. Issues of statutory interpretation are also reviewed de novo.") (internal citations omitted).

As a matter of first impression, we hold a charter school is a "state" agency, not a "county" agency, as those terms are used in section 768.28(6)(a). Thus, pursuant to sections 768.28(6)(a) and 768.28(6)(b), a claimant seeking to institute a negligence claim against a charter school must present the claim in writing to the charter school, and to the state's Department of Financial Services, within three years after such claim has accrued, and obtain the Department of Financial Services' or the charter school's denial of such claim in writing, as a condition precedent to maintaining such action.

In reaching our holding, we adopt the circuit court's well-reasoned basis for its final judgment:

> The ... parties agree[] that the [charter school] is a not-for-profit organization granted its charter by [the county school board], to operate a charter elementary/middle-8 school within the [county] school district .... Plaintiff[] argue[s] the [the charter school] falls under the "[c]ounty" exception to [section] 768.28(6)(a), [Florida Statutes (2018)], because it is within the ... [c]ounty school district and was chartered by the ... [c]ounty [s]chool [b]oard. Plaintiff[] rel[ies] largely upon Article IX, Section 4(a) of the ... Florida Constitution, which states: "Each county shall constitute a school district." ... [H]owever, ... this language simply describes the physical description of each school district .... Indeed, Section 4(a)

2

additionally provides ["]two or more contiguous counties ... may be combined into one school district.["] Clearly, other than delineating the parameters of a district, ... nothing in [Section 4(a)] ... indicate[s] a school district is functionally synonymous with a county.

Moreover, by statute, "All charter schools in Florida are public schools and shall be part of the *state's* program of [public] education." § 1002.33(1), Fla. Stat. [(2018)] (emphasis added). ... [T]his is a clear statement of the Legislature's defining "schools" as being part of the State, as opposed to a county or municipality. Other than the Constitutional provision delineating the boundaries of a school district, Plaintiff[] point[s] to no language in the Constitution, any statute, or any precedent that recognizes a Florida charter school, or for that matter a school district, as having any funding or operational association with county government. As such, ... the [charter school] does not come within the "county" exception to [section] 768.28(6)(a), [Florida Statutes (2018)], and Plaintiff[] w[as] required to give pre-suit notification to both to the [charter school] and the [state's Department of Financial Services] within three (3) years after the claim accrued and the [state's Department of Financial Services] or the [charter school] denied the claim in writing. Here, [Plaintiff's] notice to the [charter school] and [the state's Department of Financial Services] was required to have occurred on or before November 2, 2021. Plaintiff[] did not serve written notice on the proper parties until March 8, 2022, well after the time for doing so elapsed. As Plaintiff[] cannot amend [his] complaint or otherwise repair this condition precedent to this action, ... the Motion to Dismiss must be granted without leave to amend.

We also note, as the charter school's answer brief argues, the Florida Supreme Court and federal district courts have applied section 768.28(6)'s pre-suit notice requirement to claims raised against public school districts and charter schools. *See, e.g.*, *Levine v. Dade Cnty. Sch. Bd.*, 442 So. 2d 210, 212-13 (Fla. 1983) (section 768.28(6)'s notice requirements are conditions precedent to maintaining suit against school district); *Turner v. Charter Schs. USA, Inc.*, No. 18-24005-CIV, 2020 WL 924253, at *1 (S.D. Fla. Feb. 26, 2020) (adopting magistrate's report finding section 768.28(6)'s pre-suit notice requirements apply to suit against charter school); *Washington v. Sch. Bd. of Hillsborough Cnty.*, 731 F. Supp. 2d 1309, 1321 (M.D. Fla. 2010) (granting summary judgment for school

district where plaintiff failed to comply with section 768.28(6)'s pre-suit notice requirement).

Based on the foregoing, we affirm both the circuit court's final judgment dismissing the plaintiff's negligence action with prejudice and the circuit court's order denying the plaintiff's motion for rehearing. The plaintiff's remaining arguments lack merit without further discussion.

*Affirmed.*

GROSS and DAMOORGIAN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**