WARNER, Judge.
The appellant, Ralph Finno appeals the dismissal with prejudice of his election protest filed in the Circuit Court in Broward County on October 8, 1988. On October 4, 1988, a Democratic primary election was held in Broward County for the office of Sheriff. Ralph Finno and. Jim Deckinger were the candidates in that election. Deck-inger was the winner of this election. On Saturday, October 8, 1988, Finno called Judge Robert Scott, the circuit judge in Broward County on weekend call, and told him about the protest he wished to file pursuant to section 102.166(2), Florida Statutes (1987). He arranged to meet Judge Scott at the Broward County Courthouse at 11:00 P.M. that same evening. Upon arriving, Finno met with Judge Scott and a Circuit Court clerk in the lobby of the courthouse. Finno informed the judge that he was filing an election protest. They all then proceeded to the clerk’s office where Judge Scott and the clerk took the protest papers to a cubicle for several minutes. When Judge Scott came out of the cubicle with the clerk, he told Finno that the clerk would handle all the paperwork. Finno asked Judge Scott if there was anything else the judge needed from him, to which the judge replied in the negative. At that point the judge left, and Finno stayed behind and paid the filing fee to the clerk.
On Tuesday, October 11, 1988, an attorney filed his notice of appearance for Finno and a notice of hearing, setting a hearing on the protest for October 18, 1988 before Judge Barbara Bridge. At that hearing Judge Bridge held that Finno had not “presented the protest to a circuit judge within five days of midnight of the date the election occurred” as provided in section 102.166(2)(a), Florida Statutes (1987) and therefore dismissed the election protest.
The question before us is whether or not Finno “presented” his election protest to a circuit judge within the time period prescribed by section 102.166, Florida Statutes (1987). There is no legislative intent or history which helps us to ascertain what the legislature intended when it changed the wording of the statute in 1977 from “filing” to “presenting” the protest to a circuit judge.[1] Black’s Law Dictionary defines “present” as:
to lay before a judge, magistrate, or governing body for action or consideration. ... Claims are “presented” to the probate court when placed in the custody of the court, or filed or made a matter of *807 record therein, State v. Probate Court of Hennepin County, 145 Minn. 344, 177 N.W. 354, 11 A.L.R. 242; and to present claims against city, within statute providing that claims for damages against the city must be “presented” to the city or town council and filed with the city or town clerk, means to hand to and leave with. Titus v. City of Montesano, 106 Wa. 608, 181 P. 43, 46 (Wash.1919).
Under this definition clearly Finno presented his protest to the judge when in Judge Scott’s presence Finno’s protest was delivered,[2] coming within the five day limitation period contained in the statute.
This appeal was not filed until November 23,1988, which was subsequent to the general election in which Jim Deckinger was defeated by Nick Navarro who was reelected sheriff of Broward County. Because of the intervening general election which the appellant at no time attempted to enjoin, appellant in effect concedes that relief in the way of overturning election results is moot. Gill v. City of North Miami Beach, 156 So.2d 182 (Fla. 3d DCA 1963); see also Lowe v. Young, 123 Ga.App. 121, 179 S.E.2d 546 (1970); Palmer v. Bond, 247 Ga. 35, 273 S.E.2d 612 (1981); Rapier v. Superior Court of Greenlee County, 97 Ariz. 153, 398 P.2d 112 (1964). The appellant states that he seeks whatever other appropriate relief to which he is entitled under the allegations made.
We thus reverse the order of the trial court for further proceedings including consideration of the mootness of any relief requested.
ANSTEAD and GUNTHER, JJ., concur.

. Prior to 1977, section 102.166, Florida Statutes (1965) provided in pertinent part:
(2) Whenever any elector or candidate believes election returns are fraudulent he shall have a right to have an immediate hearing on proper affidavit before a circuit judge sitting in the county wherein it is alleged that there exist fraudulent returns. Where it is alleged that fraudulent returns or practices exist in more than one county, venue for such protest shall be in any such county wherein fraud occurred.
(3) A protest alleging error shall be filed with the county canvassing board prior to the time it adjourns or within five (5) days of midnight of election day. A protest alleging fraud shall be filed with the circuit judge within five (5) •days of midnight of election day.
The amended statute applicable here provides:
(2) Any candidate for nomination or election, or any elector qualified to vote in the election related to such candidacy, shall have the right to protest the returns of the election or the practices attendant thereto as being fraudulent by presenting to any circuit judge of the circuit wherein such fraud is alleged to have occurred a sworn, written protest. If it is alleged that fraudulent returns or practices exists in more than one county, venue for such protest shall be in such county wherein such fraud is alleged to have occurred.
(a) The protest shall be presented to a circuit judge prior to the time the canvassing board adjourns or within 5 days of midnight of the date the election occurs, whichever last occurs.
Section 102.166, Florida Statutes (1979).

. Section 102.166(2)(b), Florida Statutes (1979) provides:
The circuit judge to whom the protest is presented shall have authority to fashion such orders as he may deem necessary to insure that such allegation is investigated, examined, or checked; to prevent or correct such fraud; or to provide any relief appropriate under such circumstances. Any candidate or elector presenting such a protest to a circuit judge shall be entitled to an immediate hearing thereon or to any appropriate relief.
The statute does not require that immediate action be taken. The candidate or elector is "entitled” to an immediate hearing. However, in such a protest, time is certainly critical in obtaining relief.