**Deanna OVERCAST, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant–Appellee.**

No. 02–1400.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 2, 2002.[*]

Decided Oct. 7, 2002.

---

[*] The parties have waived oral argument in this case, and thus the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(f).

Before BAUER, EASTERBROOK and ROVNER, Circuit Judges.

## ORDER

Deanna Overcast filed an administrative claim against the United States Postal Service pursuant to the Federal Tort Claims Act for injuries she sustained due to the alleged negligence of a postal employee. The Postal Service denied her claim as having been untimely filed. Overcast then filed this suit in the district court seeking recovery under the FTCA. The district court dismissed her claim for lack of jurisdiction, because the administrative claim had not been timely filed. Overcast appeals, and we affirm.

On October 24, 1998, an employee of the Postal Service allegedly injured Overcast while she was working on the dock area at the United States Post Office in Champaign, Illinois. Exactly two years later to the day, on October 24, 2000 (a Tuesday), at approximately 5:00 p.m., Overcast's attorney placed into the mail a Standard Form 95, the appropriate claim form for damage or injury against the Postal Service. The claim form was addressed to the Postmaster of the Champaign Post Office, was placed in a mailing envelope with the appropriate postage that would be required for certified mail, and included a certified mail return receipt request card. The attorney deposited the envelope at the Champaign Post Office in a mailbox bearing a notice that postal employees retrieved the mail every two hours until 8:00 p.m. Postal Service employees processed the envelope through the regular mail stream, and the return receipt card certifies that the envelope was delivered to the Postmaster of the Champaign Post Office on October 26, 2000.

Since the Postal Service is an agency of the Federal Government, a tort claim filed against it is governed by the Federal Tort Claims Act, 28 U.S.C. § 1346(b). *See Ueland v. United States,* 291 F.3d 993, 994 (7th Cir.2002). Pursuant to the FTCA, an action against the United States is barred unless a claim is filed within two years from the time of the injury. 28 U.S.C. § 2401(b). The Postal Service denied Overcast's claim, because she failed to present her claim within two years of the date the injury occurred.

Overcast filed this suit in the district court, and the Postal Service moved to dismiss the complaint for lack of subject matter jurisdiction or, alternatively, for failure to state a claim. In his Report and Recommendation, the magistrate judge concluded that the claim was untimely; an administrative claim "must be timely received, not simply timely mailed," wrote the judge, and here actual receipt did not occur until October 26, 2000, two days after the expiration of the statutory period. The district judge rejected Overcast's ob-

jections, accepted the R & R, and dismissed the case with prejudice. Overcast appeals, challenging the dismissal of her case and arguing that she satisfied the FTCA requirement by mailing her claim form within the applicable two-year statute of limitations.

At issue in this case is the meaning of "presentment" under the FTCA. 28 U.S.C. § 2401(b). Specifically, at what point is the Postal Service deemed to "receive" a filed claim? The language of the Act is not conclusive; it states only that a claim against the United States is forever barred unless it is "presented in writing to the appropriate Federal agency within two years after such claim accrues." *Id.* Two federal regulations, however, interpret presentment under the FTCA and add the broad requirement that the agency must receive the claim. The first, 28 C.F.R. § 14.2(a), applies to all federal agencies and states that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant...an executed Standard Form 95." *Id.* The second, 39 C.F.R. § 912.5(a), applies only to the Postal Service, but its language tracks that of the general regulation, requiring that "a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant...an executed Standard Form 95." *Id.*

Overcast asks us to hold that "the placement of a proper claim in writing on the specified Form 95 in one of the Postmaster's mail receptacles constitutes a presentment and receipt by the Postmaster of the document" as required by 39 C.F.R. § 912.5(a). Accordingly Overcast asserts that she presented her claim to the Postal Service when her attorney deposited it into the mailbox outside the Champaign Post Office on October 24, 2000.

Although this court has never expressly defined what constitutes "presentment"

under the FTCA, substantial authority confirms that presentment occurs not when a claim is mailed but when it is received by the agency. As early as 1916 the Supreme Court held that a filing is not complete until it is received by the proper official; anything else would "leave the filing a disputable fact." *United States v. Lombardo,* 241 U.S. 73, 76–77, 36 S.Ct. 508, 60 L.Ed. 897 (1916). Relying on § 14.2(a), this court in another FTCA case explained that "the district court was quite right to hold that mailing is not presenting; there must be receipt." *Drazan v. United States,* 762 F.2d 56, 58 (7th Cir. 1985).

Our sister circuits concur that under similar circumstances, presentment does not occur upon mailing. The Tenth Circuit, for instance, considered whether a request for reconsideration of the denial of an FTCA claim had been filed outside § 2401(b)'s time limitation. After pointing out that presentment of a request for reconsideration is no different from presentment of the claim itself, the court stated that "a request for reconsideration is not presented until it is received by the agency" and confirmed that "mailing of a request for reconsideration is insufficient to satisfy the presentment requirement." *Moya v. United States,* 35 F.3d 501, 504 (10th Cir.1994); *see also Bailey v. United States,* 642 F.2d 344, 347 (9th Cir.1981) (explaining that mailing alone is insufficient for presentment). In the only circuit decision directly on point, a divided panel of the Sixth Circuit held in an unpublished order that the Postal Service is not "an exception to the jurisdiction requirement of the FTCA that an administrative claim be timely filed" and interpreted § 912.5(a) to mean that the "mere mailing of documents does not constitute presentment." *Willis v. United States,* No. 91–4111, 1992

WL 180181 at *2 (6th Cir. July 29, 1992).[1]

Overcast asserts nevertheless that given the circumstances of this case, the Postmaster received the claim when it was deposited in the mailbox at the Champaign Post Office. She directs the court to two primary factors supporting this conclusion: (1) the Postal Service and the Postmaster controlled the mailbox where the claim form was deposited; and (2) the Postmaster directed the activities of the employees who retrieved the mail from that mailbox. In support of her position, Overcast cites a single district court case, *Kirby v. United States,* 479 F.Supp. 863 (D.S.C.1979). In *Kirby,* the plaintiff argued that an FTCA claim received by the United States Attorney's Office on the last possible date was timely filed even though the proper agency, the United States Army, did not receive the claim until after the statute of limitations had expired. *Id.* at 865. In dicta the court stated that if the Postal Service had been the appropriate agency to receive the FTCA claim, then under § 912.5, placing a properly-addressed claim form in the mail would have been enough for presentment. *Id.* at 866–67. We question the correctness of that statement; the version of the regulation in 1979 was identical to the current version, and nowhere does the language state that placing a properly-addressed claim form in the mail is enough for presentment.

This court has held that the limitations imposed by the FTCA must be strictly construed to ensure that the United States' sovereign immunity is abrogated only to the extent intended by Congress. *Kanar v. United States,* 118 F.3d 527, 529 (7th Cir.1997). A strict construction of the FTCA and its interpreting regulations compels the conclusion that a claim is not received by the United States Postal Service until it is received by the person to whom it is addressed.

AFFIRMED.

---

1. *See* 6 Cir. R. 28(g). Although the Sixth Circuit disfavors citation to unpublished decision, it permits citations to its unpublished decisions where there is no published opinion that would be as relevant. *See Newell v. Hanks,* 283 F.3d 827, 833 (7th Cir.2002).