# Third District Court of Appeal
## State of Florida

Opinion filed May 4, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1388
Lower Tribunal No. 15-23355
_____

**Craig Simmons,**
Appellant,

vs.

**Public Health Trust of Miami-Dade County, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Akbar Law Firm, PA, Mutaqee N. Akbar and Brandi J. Thomas (Tallahassee), for appellant.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Korissa Lepore, Assistant County Attorney, for appellee Public Health Trust of Miami-Dade County d/b/a Jackson Memorial Hospital.

Before FERNANDEZ, C.J., and LOGUE and HENDON, JJ.

FERNANDEZ, C.J.

Craig Simmons ("plaintiff") appeals the trial court's order granting Public Health Trust of Miami-Dade County d/b/a Jackson Memorial Hospital's ("Jackson's") Motion for Final Summary Judgment. Because plaintiff failed to comply with the mandatory conditions precedent set forth in section 768.28(6) and the three-year time period for compliance has run, the trial court correctly entered summary judgment in Jackson's favor. Accordingly, we affirm the trial court's order on appeal.

Plaintiff contends that on October 11, 2013, while he was a resident of Jackson's psychiatric facility in Miami-Dade County, he was physically attacked and beaten by another resident of the facility. Plaintiff alleges the incident took place in the bathroom inside his hospital bedroom during a time when the residents were supposed to be under the control and supervision of Jackson's staff.

On February 4, 2014, plaintiff sent written notice of his claim against Community Health of South Florida, Inc. to the Florida Department of Financial Services ("DFS") and to Community Health of South Florida, Inc. pursuant to section 768.28(6)(a), Florida Statutes (2013), which states that "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency . . . ." Plaintiff did not present written notice of his

claim against Jackson to Jackson nor to the DFS prior to filing suit against it as required by section 768.28(6). On October 9, 2015, plaintiff filed his original complaint against Jackson, Community Health of South Florida, Inc., and the resident who attacked him. Thereafter, on February 12, 2016, plaintiff and Community Health of South Florida, Inc. entered a stipulation for dismissal as to Community Health of South Florida, Inc. as a party to the lawsuit.

On October 11, 2016, pursuant to section 768.28(6), plaintiff sent notice of his claim against Jackson to the DFS by mailing the notice via certified mail. Jackson contends that the written notice was received by the DFS on October 13, 2016, as stated in the affidavit of Kelly Hagenbeck, the DFS's risk management program administrator. Also on October 11, 2016, plaintiff sent notice of his claim against Jackson to Jackson by mailing the notice via certified mail. Jackson states it received the notice on October 17, 2016, as attested in the affidavit of Yolanda Avril, Jackson's liability claims manager.

On November 13, 2016, plaintiff tried for the first time to serve Jackson with the complaint. Plaintiff, however, did not serve the head of the agency as required by section 48.111 and section 768.28(7), Florida Statutes, thus service on Jackson was improper. On December 5, 2016, plaintiff filed his

3

Amended Complaint against Jackson for negligence and strict vicarious liability. On December 15, 2016, plaintiff again tried to serve Jackson, but did not properly serve Jackson for the same reason as before. The trial court thus quashed service on April 10, 2017. Finally, on July 12, 2017, plaintiff properly served Jackson.

Thereafter, the parties litigated the issue of whether plaintiff's action was a medical malpractice action or a negligence action. An appeal was taken to this Court, and on August 1, 2018, this Court decided it was a negligence security case and not a medical malpractice one. Simmons v. Jackson Mem'l Hosp., 253 So. 3d 59 (Fla. 3d DCA 2018). After remand to the trial court, Jackson filed its Answer and Affirmative Defenses to the amended complaint on September 17, 2018. Jackson denied in its answer that plaintiff complied with the conditions precedent of section 768.28(6). Jackson also alleged this argument as an affirmative defense. Also on September 17, 2018, Jackson propounded Requests for Admission upon plaintiff. Four of Jackson's requests related to whether plaintiff complied with the condition precedent requirements of section 768.28(6).

Next, the parties mediated unsuccessfully. On March 15, 2021, Jackson moved for summary judgment for the same reasons alleged in its answer, affirmative defenses, and request for admissions, that is, that

plaintiff failed to comply with the condition precedent requirements of section 768.28(6). Jackson contended that it and the DFS did not receive written notice of plaintiff's claim before plaintiff filed suit and did not receive notice until after the three-year period set out in section 768.28(6) had expired.

The trial court held two hearings on Jackson's motion for summary judgment, one on May 19, 2021 and the other on June 17, 2021. At the May 19, 2021 hearing, the court stated:

> I am going to give you a few days to look at some cases, I will. I will do that. But I am inclined to grant this motion for summary judgment. I think that it was clear that it's three years, and I think in a case like this it's not the day that you mail it, it's the day that it's received. I think it's the day it's received.
> I think once that date passes - - I think once that October 11th date passed, the statute ran. . . .

The trial court then gave the parties a week to provide additional case law on the issue of whether "present" meant "to receive."

Thereafter, at the second hearing on the summary judgment motion on June 17, 2021, the court stated it reviewed the cases the parties submitted. Specifically, the court focused on <u>Levine v. Dade County School Board</u>, 442 So. 2d 210 (Fla. 1983) and <u>Menendez v. North Broward Hospital District</u>, 537 So. 2d 89 (Fla. 1988). The trial court stated:

> The claimant must present the claim to the agency in writing, it has to be presented within three years, and the complaint has to contain an allegation that the notice was sent. Has to be presented. Its [sic] not a question for the jury; it's a legal question.

5

. . .

It says present. Has to present notice. To me that means they have to have it. And then you have to allege it in your complaint.

After counsel's argument, the court stated it was granting the motion for summary judgment. On June 24, 2021, the trial court entered its written Order granting Jackson's motion for final summary judgment. This appeal followed.

Plaintiff first argues that the trial court erred in failing to comply with Florida's new summary judgment rule 1.510(a), which mandates that the trial court state the reason for its decision. An appellate court reviews *de novo* the trial court's ruling on a motion for summary judgment. Va. Ins. Reciprocal v. Walker, 765 So. 2d 229, 231 (Fla. 1st DCA 2000).

Plaintiff's contention as to his first issue on appeal is not supported by the record. Rule 1.510(a) states:

> Motion for Summary Judgment or Partial Summary Judgment. . . . The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court shall state on the record the reasons for granting or denying the motion. The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard.

(Emphasis added). See In re Amendments to Florida Rule of Civil Procedure 1.510, 317 So. 3d 72, 77 (Fla. 2021) ("To comply with this requirement, it will not be enough for the court to make a conclusory statement that there is or

6

is not a genuine dispute as to a material fact. The court must state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review."). Here, the transcripts of the two hearings held on Jackson's motion demonstrate that the trial court stated the reasons for its decision with enough specificity to allow for appellate review by this Court.

As previously discussed, at the first hearing the trial court held on Jackson's motion for summary judgment, the May 19, 2021 hearing, the court orally stated its reasons on the record for its decision as to why it was inclined to grant summary judgment in Jackson's favor. The court stated it believed that section 768.28(6) was clear that "presents" did not mean that the claimant mailed his notice of claim, but that the day the agency received the notice of claim is what constituted "presents" under section 768.28(6).

Then, at the second hearing the trial court held on the motion, on June 17, 2021, the trial court stated:

> THE COURT: This is a Summary Judgment, and it's not a question of fact. I'm reading this -- First of all, there can't be a waiver of the requirements. That's asked in the Menendez vs. The North District Broward Hospital, because I was wondering, could there be a waiver because they knew about this case, went up on appeal, et cetera, et cetera.
>
> The 768.28 in this case talks about - it requires three things prior to instituting an action against the state agency.

7

The claimant must present the claim to the agency in writing. It has to be presented within three years.

And now, in this case, the Menendez case, it's the Supreme Court case 537 So.2d 89. In this case they didn't do it all. But they thought there was a waiver but there can't be. There conduct - they can't waive it by conduct. It has to be presented.

And I think when they say, "present," let's see what it does.

Oh, and the complaint has to contain an allegation that the notice was sent. A complaint before you file it has to say we sent the notice pursuant to the statute.

I know that you - I looked at your complaint and it says that you satisfied all conditions precedent.

So, I don't think that mailing it on that day is a condition. In all these cases they were dismissed, and these were a dismissal with prejudice.

I thought I had read something where they had, it's upon receipt.

Let's see what this case says. Hold on a second.

What 768.28 says -- Yes. I mean, it has to be presented. And it's not a question for a jury. It's a legal question.

. . .

THE COURT: It says present. Has to present the notice. To me that means they have to have it. And then you have to allege it in your complaint.

[PLAINTIFF'S COUNSEL]: So –

THE COURT: And also allege it in your complaint. That's another problem.

In addition, at the June 17, 2021 hearing, the trial court stated that it wanted this Court to consider the issue of what the verb "presents" meant in section 768.28(6) and whether or not it meant "mail" or "receipt." Thus, the transcripts of the two hearings the trial court held on Jackson's motion reflect

8

that at both hearings, the trial court stated its reason for granting Jackson's motion for summary judgment with sufficient specificity for this Court to be able to address the issue on appeal. Accordingly, plaintiff's contention that the trial court did not state its reason on the record for granting Jackson's summary judgment motion is not supported by the record on appeal.

Next, as to his second point on appeal, plaintiff contends that the trial court erred in granting Jackson's motion for summary judgment by ruling that plaintiff's claim was barred for failure to comply with the mandatory condition precedent requirements of section 768.28(6). Section 768.28(6), Florida Statutes (2013) waives the state of Florida's sovereign immunity with respect to tort actions. Accordingly, to maintain a claim in tort against the State or one of its agencies, a plaintiff must meet the presuit notice requirements of section 768.28(6). The statute sets out mandatory procedures that one must follow before suing pursuant to the waiver. Section 768.28(6) states in pertinent part:

> (6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, county, or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing; . . . .

Thus, the statute requires that plaintiff present his claim in writing to Jackson and to the DFS within three years of the accrual of plaintiff's claim as a condition precedent to filing suit.

Further, because section 768.28(6) is part of a statutory waiver of sovereign immunity, "it must be strictly construed." Levine, 442 So. 2d at 212; Menendez v. North Broward Hosp. Dist., 537 So. 2d 89, 91 (Fla. 1988). Proper notice under section 768.28(6) is a condition precedent to bring suit against a municipality. Broward Cty. Sch. Bd. v. Joseph, 756 So. 2d 1077 (Fla. 4th DCA 2000). Also, the notice requirement of section 768.28(6) cannot be waived unless expressly authorized by statute. Dukanauskas v. Metro. Dade Cty., 378 So. 2d 74, 76 (Fla. 3d DCA 1979). In Levine, the Florida Supreme Court held that when the three-year period for presenting a notice of claim has expired without the plaintiff giving notice, the trial court must dismiss the complaint with prejudice. Levine, 442 So. 2d at 213; Menendez, 537 So. 2d at 91. Moreover, in Menendez, the Florida Supreme Court stated that section 768.28(6) "requires three things prior to instituting an action against a state agency":

> First, the claimant must present the claim to the agency in writing. Second, the claimant must present the claim to the Department of Insurance in writing. Third, the claim proffered to the Department must be presented within three years after it accrues and the agency or the Department denies the claim in writing.

Menendez, 537 So. 2d at 91.

Here, the date of the alleged incident was October 11, 2013, as stated in plaintiff's Amended Complaint. Thus, the three-year time-period expired on October 11, 2016. Plaintiff mailed his notice letter to Jackson and to the DFS on October 11, 2016, exactly three years after the date of the incident plaintiff alleged in his Amended Complaint. Plaintiff's notice was not presented to Jackson until October 17, 2016, as per the affidavit of Yolanda Avril. Plaintiff's notice was not presented to the DFS until October 13, 2016, as stated in the affidavit of Kelly Hagenbeck. As both parties concede, the word "presents" is not defined in section 768.28(6), and there is no case law in Florida defining what "presents" means in the context of this specific statute. However, Jackson contends that the plain language of the statute, its strict interpretation by the Florida Supreme Court, and similar language used in other jurisdictions demonstrate that a claimant must "present" the claim so that the state agency actually receives, in hand, a written copy of the claim within three years. The result of this interpretation would mean that plaintiff's notice was late, as both agencies received the notice of claim after October 11, 2016. We find merit to Jackson's position.

Section 768.28(6)'s use of the words "presents" supports Jackson's position that receipt, in hand, by the agency is required to meet the condition

11

precedent. In the absence of a definition, a statutory term is construed in accordance with its ordinary or natural meaning. <u>Rollins v. Pizzarelli</u>, 761 So. 2d 294, 298 (Fla. 2000). Merriam-Webster Dictionary defines the verb "present" as:

1: to make a gift to
2 : to give or bestow formally
3 a : to bring (something, such as a play) before the public
b (1): to bring or introduce into the presence of someone especially of superior rank or status
  (2): to introduce socially
4 a : to offer to view : SHOW
  b: to bring to one's attention
  <this presents a problem>
5 a : to lay (something, such as a charge) before a court as an object of inquiry
  b: to bring a formal public charge, indictment, or presentment against
6  : to nominate to a benefice
7  : to aim, point, or direct (something, such as a weapon) so as to face something or in a particular direction
8  : act the part of : PERFORM

https://www.merriam-webster.com/dictionary/present. Thus, as Jackson contends, presentation requires receipt of the item being presented.

In addition, section 768.28(6) is modeled after the Federal Torts Claims Act ("FTCA"). The FTCA provides, in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .

28 U.S. C. A. 2675(a). Section 768.28(6) uses almost identical language when it states, "An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency . . . ." Thus, we agree with Jackson that cases dealing with a federal statute are instructive and applicable in interpreting the corresponding state statute modeled after the federal one. See Brown Distrib. Co. of West Palm Beach v. Marcell, 890 So. 2d 1227, 1230 n. 1 (Fla. 4th DCA 2005).

For example, in Lightfoot v. United States, 564 F. 3d 625, 628 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit rejected the mailbox rule in the context of sovereign immunity and held that with respect to whether plaintiff had "presented" his claim against the United States Postal Service, plaintiff had to "demonstrate that the Federal agency was in actual receipt of the claim,  . . . ." The Court stated that other jurisdictions had "almost uniformly concluded that the term 'presented' in the filing of an administrative claim means more than merely mailing the claim." Id. The Court further noted that in Vacek v. United States Postal Service, 447 F. 3d 1248 (9th Cir. 2006), the U.S. Court of Appeals for the Ninth Circuit noted that since the decision in Bailey v. United States, 642 F.2d 344, 347 (9th Cir. 1981),  "virtually every circuit to have ruled on the issue has held that the

13

mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims." Vacek, 447 F.3d at 1252. See also Drazan v. United States, 762 F.2d 56, 58 (7th Cir.1985) ( "[M]ailing is not presenting; there must be receipt."); Overcast v. United States Postal Serv., 49 Fed. Appx. 63, 65 (7th Cir. 2002) ("Although this court has never expressly defined what constitutes 'presentment' under the FTCA, substantial authority confirms that presentment occurs not when a claim is mailed but when it is received by the agency."); Vecchio v. United States, 2005 WL 2978699, at *4 (S.D.N.Y. 2005) (citing Moya v. United States, 35 F. 3d 501, 503-04 (10th Cir. 1994); Rhodes v. United States, 1993 WL 212495 *2 (4th Cir. 1993); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993); Willis v. United States, 1992 WL 180181 *2 (6th Cir. 1992); Bailey, 642 F. 2d at 346-47; Drazen, 762 F.2d at 58) ("The Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have all confronted this question and held, consistent with the policy considerations expressed by the Supreme Court, that proof of mailing alone is not sufficient to establish timely receipt by the appropriate federal agency, particularly where the agency submits affirmative affidavits attesting that the agency did not receive the claim."). In addition, the United States Court of Appeals for the 11th Circuit also found in Motta ex rel. A.M. v. United States, 717 F. 3d 840, 843-44 (11th

Cir. 2013) that "[a] claim is deemed presented when the federal agency receives the claimant's [claim] 'or other written notification of [the] incident, . . . .'" Thus, it follows that in cases of waiver of sovereign immunity, because section 768.28(6) is modeled after the FTCA, "presents" to the state agency or subdivision means the notice of claim has to be received, in hand, by the agency or subdivision within the time-period outlined in the statute.

With respect to Florida state cases on the definition of "presents" in the context of section 768.28(6), the parties are correct that there is no case law directly on point. However, Jackson submits the Fourth District Court of Appeals decision in Matter of Finno, 546 So. 2d 805, 806-07 (Fla. 4th DCA 1989), which we find particularly instructive, as the Fourth District Court of Appeal interpreted the meaning of "presents" with respect to section 102.166, Florida Statutes (1987). In Finno, the plaintiff filed an election protest action pursuant to section 102.166(2). At a hearing before the trial court, the court stated that plaintiff had not "presented the protest to a circuit judge within five days of midnight of the date the election occurred" as provided in section 102.166(2)(a) and therefore dismissed plaintiff's claim. In determining the issue of whether plaintiff had "presented" his claim to a circuit judge within the time-period set out in the statute, the Fourth District Court of Appeal stated:

15

The question before us is whether or not Finno "presented" his election protest to a circuit judge within the time period prescribed by section 102.166, Florida Statutes (1987). There is no legislative intent or history which helps us to ascertain what the legislature intended when it changed the wording of the statute in 1977 from "filing" to "presenting" the protest to a circuit judge. Black's Law Dictionary defines "present" as:

> to lay before a judge, magistrate, or governing body for action or consideration .... Claims are "presented" to the probate court when placed in the custody of the court, or filed or made a matter of record therein, and to present claims against city, within statute providing that claims for damages against the city must be "presented" to the city or town council and filed with the city or town clerk, means to hand to and leave with.

Finno, 546 So. 2d at 806-07 (internal citations omitted). Thus, the Fourth District Court of Appeal found that "presented" meant that the notice of claim was received, in hand, by the municipal entity. Id. at 807.

Consequently, in light of Levine and Menendez holding that this Court must strictly construe section 768.28(6), we follow federal case law and hold that the mailbox rule does not apply in the context of sovereign immunity cases. Thus, a claimant "presents" his notice of claim under section 768.28(6) on the date the state agency or subdivision receives, in hand, the notice of claim, not on the date that the claimant mails his notice of claim to the agency or subdivision. In the case before us, plaintiff was required to show that his notice of claim to Jackson and the DFS was received, in hand,

16

by each of these two parties by October 11, 2016.  Plaintiff offered proof that he mailed his notice letter to Jackson on October 11, 2016. However, as Yolanda Avril indicated in her affidavit, it was not received by Jackson until Octover 17, 2016. Thus, plaintiff did not timely present his notice of claim to Jackson. Similarly, plaintiff mailed his notice of claim to the DFS on October 11, 2016. However, as Kelly Hagenbeck stated in her affidavit, the DFS did not receive the notice of claim until October 13, 2016. Thus, plaintiff failed to timely present his claim to the DFS, as well.

In addition, we note that plaintiff was required to present the notice of claim **before** he filed suit. Here, plaintiff mailed the notices to Jackson and the DFS **after** he filed his complaint. Thus, plaintiff did not present his notice as required by section 768.28(6). The First District Court of Appel cautioned in Hamide v. Department of Corrections, 584 So. 2d 136, 137 (Fla. 1st DCA 1991), that under Levine's explicit directive, section 768.28(6) must be strictly construed, the statute "leaves little room for substantial compliance."

And finally, regarding any issue as to whether Jackson waived notice to it or the DFS, in Menendez, 537 So. 2d at 90, the Supreme Court of Florida held that the requirement that plaintiff must give notice to the DFS under section 768.28(6) cannot be waived by the conduct of the defending agency, in this case, Jackson.  The Menendez Court further held that the defense of

17

failure to bring notice may be raised at any time prior to trial or at a trial on the merits. Id. In Menendez, the medical malpractice action was filed in April 1980, and the hospital's motion to dismiss under section 768.218(6) was not filed until April 1984. See also Motor v. Citrus Cty. Sch. Bd., 856 So. 2d 1054, 1055-56. (Fla. 5th DCA 2003). Jackson did not waive notice to itself because Jackson raised this issue in a specific denial in its answer, as an affirmative defense, and in its request for admissions from plaintiff.

For these reasons, the trial court did not err in entering final summary judgment in Jackson's favor. Jackson is entitled to judgment as a matter of law based on plaintiff's failure to comply with mandatory conditions precedent in section 768.28(6). We thus affirm the trial court's Order Granting [Jackson's] Motion for Final Summary Judgment.

Affirmed.